**In the MATTER OF: Bradley D. COOPER, Respondent**

**Supreme Court Case No. 41S00-1509-DI-520**

Supreme Court of Indiana.

March 24, 2017

Published Order Finding Misconduct and Imposing Discipline

Upon review of the report of the hearing officer, the Honorable Charles K. Todd, Jr., who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2000, Michael Dean Overstreet was convicted of murder and other charges in Johnson County and sentenced to death. Respondent was one of the deputy prosecutors involved with the case at the trial and sentencing phases. In 2013, this Court authorized the filing of a successive petition for post-conviction relief. The matter initially was before Judge Cynthia Emkes, who presided over Overstreet's trial and sentencing. However, Judge

Emkes filed a notice of recusal, and this Court appointed St. Joseph Superior Court Judge Jane Woodward Miller as special judge to hear the case. Overstreet's successive PCR petition was litigated in St. Joseph County in 2014, and in November 2014 Judge Miller granted the petition. Respondent, now the elected Johnson County Prosecutor, did not participate in the successive PCR litigation.

After Judge Miller granted the petition, Respondent provided a statement to the Indianapolis Star for public dissemination. In that statement, Respondent indicated he was "suspicious" of the transfer of the case to Judge Miller and then offered as purported support for that suspicion additional commentary that was false, misleading, and inflammatory in nature. In considering the statement itself, and the surrounding circumstances in which it was made, we agree with the hearing officer that the statement attacked Judge Miller's qualifications or integrity and that Respondent made the statement with reckless disregard as to its truth or falsity.

**Violation:** The Court finds that Respondent violated Professional Conduct Rule 8.2(a), which prohibits making a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge.

**Discipline:** For Respondent's professional misconduct, the Court imposes a **public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.